IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERIMAX REAL ESTATE PARTNERS, INC., ) | |
| ) | |
| Plaintiff and Counterdefendant, ) | |
| ) | 05 C 5300 |
| v. ) | 06 C 6574 |
| ) | Consolidated |
| RE/MAX INTERNATIONAL, INC., ) | |
| ) | |
| Defendant and Counterclaimant. ) | |

OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendant RE/MAX International, Inc.'s Motion for (i) Dismissal of RE/MAX's Counterclaim with Prejudice under Rule 41(c), and (ii) Dismissal of Counts I and II of Amerimax's Complaint for Lack of Subject Matter Jurisdiction under Rule 12(b)(1). For the following reasons, the Court grants Defendant's Motion without any award of attorneys' fees or costs to either party. The Court relinquishes jurisdiction over Plaintiff's state-law claim.

I. BACKGROUND

The parties in this case, Plaintiff-Counterdefendant Amerimax Real Estate Partners, Inc. ("Amerimax") and Defendant-Counterclaimant RE/MAX International, Inc. ("RE/MAX"), have litigated this case in a tooth-and-nail fashion for approximately three and a half years. Amerimax filed its original three-count Complaint on September 16, 2005, seeking a Declaratory Judgment as to its rights regarding its trade name and marks, and cancellation of RE/MAX's trademark registrations. Amerimax also alleged unfair competition under Illinois law. On October 31, 2005, RE/MAX answered the Complaint, generally denying Amerimax's material allegations and

1

asserting a number of defenses and affirmative defenses. RE/MAX also filed a Counterclaim against Amerimax, alleging trademark infringement and unfair competition.

On December 4, 2006, RE/MAX moved the Court to consolidate case 05 C 5300, the original case, with case 06 C 6574, a recently removed Illinois state-law antitrust and trademark action filed by Amerimax against Defendants RE/MAX and Roaring Fork. The Court granted the motion on December 8, 2006. Amerimax filed its Verified Amended Consolidated Complaint (the "Amended Complaint") on September 20, 2007. The Amended Complaint again seeks a Declaratory Judgment as to Amerimax's rights regarding its trade names and marks, cancellation of RE/MAX's trademark registrations, and again alleges a state-law claim of unfair competition. RE/MAX's answer again denies the material allegations and asserts various defenses and affirmative defenses. RE/MAX also again filed a Counterclaim alleging trademark infringement and unfair competition, and seeking cancellation of Amerimax's Illinois state trademark registration.

After nearly one and a half more years of protracted litigation, the parties appeared before the Court on February 27, 2009 on three motions: each parties' Motion for Summary Judgment, and the instant Motion by RE/MAX for (i) Dismissal of RE/MAX's Counterclaim with Prejudice under Rule 41(c), and (ii) Dismissal of Counts I and II of Amerimax's Complaint for Lack of Subject Matter Jurisdiction under Rule 12(b)(1). The Court has reviewed the parties' written submissions on these Motions.

## II. ANALYSIS

### A. RE/MAX's Motion to Voluntarily Dismiss its Counterclaim

RE/MAX asserts that it is willing to voluntarily dismiss its Counterclaim pursuant to Federal Rules of Civil Procedure 41(c) and 41(a)(2). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Under that Rule, voluntary dismissals are without prejudice unless the court orders otherwise. Id. Rule 41(c) provides that parties may also dismiss counterclaims voluntarily. FED. R. CIV. P. 41(c). Here, RE/MAX is willing to dismiss its Counterclaim with prejudice.

Whether to allow a party to voluntarily dismiss its claim pursuant to Rule 41(a)(2) is within the district court's sound discretion. Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008). "A district court abuses its discretion only if the defendant shows that she will suffer 'plain legal prejudice.'" Id. (quoting United States v. Outboard Marine Corp., 789 F.2d 497, 502 (7th Cir. 1986)). The Seventh Circuit has identified a list of four non-exhaustive factors that can assist a district court in determining whether this sort of prejudice will occur: "[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed." Kunz, 538 F.3d at 677-78 (citing Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)); Federal Deposit Ins. Corp. v. Knostman, 966 F.2d 1133, 1142 (7th Cir. 1992).

It is clear that both parties in this case have gone to considerable expense in litigating this case for the past three and a half years, and both parties have filed Motions for Summary

3

Judgment. Upon reviewing the record, however, the Court cannot find that one party is any more responsible for the protracted course of this litigation than the other. See Kunz 538 F.3d at 677-78. The non-exhaustive Kunz factors may therefore arguably weigh slightly in favor of denying RE/MAX's motion. See id.

The Court determines, however, that Amerimax will not suffer "plain legal prejudice" if RE/MAX voluntarily dismisses its Counterclaim. RE/MAX has agreed to a dismissal with prejudice. In so doing, RE/MAX has conceded the central issue in this case: that Amerimax's trade name and mark do not unlawfully infringe RE/MAX's trade name and mark. Def.'s Summ. of its Mot. for Dismissal of its Countercl. and Pl.'s Counts I and II, at 2. Because RE/MAX has agreed to dismiss its Counterclaim with prejudice, it is precluded from bringing suit against Amerimax again on this issue. In other words, Amerimax has successfully defended its trade name and mark. See Cauley v. Wilson, 754 F.2d 769, 772 (7th Cir. 1985) (following a dismissal with prejudice, the "defendant cannot be made to defend again.").

During oral arguments on this Motion, counsel for Amerimax suggested that even if the Court were to grant RE/MAX's Motion to voluntarily dismiss, the possibility remains that RE/MAX could somehow take further action against Amerimax regarding this trade name and mark dispute. For that reason, Amerimax asserts, it would be prejudiced if the Court were to grant this Motion. It is not clear to the Court, however, exactly what action RE/MAX could lawfully take against Amerimax at this point. And, when challenged by the Court, counsel for Amerimax could not come up with even a speculation as to what RE/MAX might do. The law is clear that parties cannot be required to defend against claims that a party has voluntarily dismissed with prejudice. Id. Any future letters or other threatening communications by

4

RE/MAX regarding any past or current alleged trade name or mark infringement on the part of Amerimax would therefore be wholly ineffectual. The Court notes, however, that if Amerimax were to alter its trade name or mark to closely match RE/MAX's name and/or mark at some point in the future, RE/MAX may have a cause of action. Absent this sort of development, RE/MAX is barred from pursuing any further federal trademark actions against Amerimax. RE/MAX's Motion to voluntarily dismiss its Counterclaim is thus granted.

RE/MAX correctly asserts that attorneys' fees are not awarded after voluntary dismissals with prejudice. See id. As to the issue of an award of costs pursuant to Federal Rule of Civil Procedure 54(d), the Court determines that due to the unusual posture of this case, there is no true "prevailing party" within the meaning of that statute. RE/MAX has abandoned its Counterclaim. The Court, as it will explain below, dismisses Counts I and II of Amerimax's Complaint for lack of subject-matter jurisdiction, and relinquishes jurisdiction on Amerimax's remaining state-law claim. No costs will therefore be awarded to either party.

**B. No Case or Controversy Remains with Respect to Counts I and II of Amerimax's Amended Complaint**

In Count I of its Amended Complaint, Amerimax asks the Court for a Declaratory Judgment that its trade names and marks do not infringe RE/MAX's trade names and marks. The Declaratory Judgment Act (the "Act") allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Congress promulgated the Act in order to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." Sarafin v.

Sears, Roebuck & Co., 446 F. Supp. 611, 615 (N.D. Ill. 1978) (quoting Cunningham Bros. v. Bail, 407 F.2d 1165, 1167-68 (7th Cir. 1969)); see also Northland Ins. Co. v. Gray, 240 F. Supp. 2d 846, 848 (N.D. Ind. 2003) ("The Act is designed to afford parties who are threatened with liability but are otherwise without a satisfactory remedy a means for early adjudication of the controversy.").

It is well-established that the actual "case or controversy" requirement of Article III of the Constitution applies to actions filed pursuant to the Act. Golden v. Zwickler, 394 U.S. 103, 108 (1969); In re VMS Securities Litigation, 103 F.3d 1317, 1327 (7th Cir. 1996); Northland Ins. Co., 240 F. Supp. 2d at 848. "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Medimmune, Inc. v. Genentech, Inc., 127 S. Ct. 764, 771 (2007) (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

In the context of Declaratory Judgment actions involving trademark disputes, the Seventh Circuit has developed a two-part test to determine whether a "substantial controversy" exists: "(1) whether the defendant's conduct has created a real and reasonable apprehension of liability on the part of the plaintiff; and (2) whether the plaintiff has engaged in a course of conduct which has brought it into adversarial conflict with the defendant." Planet Hollywood (Region IV), Inc. v. Hollywood Casino Corp., 80 F. Supp. 2d 815, 873 (N.D. Ill. 1999) (citing G. Heilman Brewing Co., Inc. v. Anheuser-Busch, Inc., 873 F.2d 985, 990 (7th Cir. 1989)). If both parts of this test are not satisfied, the court lacks subject-matter jurisdiction over the case. Planet Hollywood, 80 F. Supp. 2d at 873.

In this case, because (1) RE/MAX has agreed to dismiss its Counterclaim with prejudice and (2) RE/MAX has conceded that Amerimax is not infringing RE/MAX's trade name or mark, the Court's decision is relatively simple. When Amerimax filed its Amended Complaint, there was clearly a "substantial controversy" between the parties. Amerimax alleged that

> Beginning in June, 2005, Defendant RE/MAX International . . . charged Plaintiff that use of the "Amerimax" names and marks infringed their rights in "RE/MAX;" demanded that plaintiff give up its names and marks; demanded that plaintiff pay defendant's attorneys' fees; and threatened against plaintiff by retaining outside lawyers and suing unless plaintiff gave up its "Amerimax" names and marks.

Am. Compl., ¶ 40. In its Answer, RE/MAX essentially admitted these allegations. Now that RE/MAX has agreed to dismiss its Counterclaim with prejudice and concedes that Amerimax is not infringing its name or mark, however, RE/MAX's conduct no longer creates "a real and reasonable apprehension of liability on the part of the plaintiff." See Planet Hollywood, 80 F. Supp. 2d at 873. An actual controversy regarding trademark law between the parties therefore no longer exists. See Preiser v. Newkirk, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). Count I of the Amended Complaint is therefore dismissed for lack of subject-matter jurisdiction.

Count II of Amerimax's Amended Complaint seeks the cancellation of RE/MAX's United States and Illinois trademark registrations that "comprise or include the words 'Re' and 'Max' and variations thereof." Am. Compl., ¶ 55. RE/MAX asserts that since it has agreed to voluntarily dismiss its Counterclaim with prejudice, Amerimax lacks standing to seek cancellation of RE/Max's trademarks. In support of this argument, RE/MAX relies primarily on a 1966 district court case from the Northern District of Illinois. See Ye Olde Tavern Cheese

Prods., Inc. v. Planters Peanuts, 261 F. Supp. 200 (N.D. Ill. 1966) (finding that where defendant's counterclaim was dismissed with prejudice, plaintiff had no standing to request cancellation of defendant's trademark). The Court finds RE/MAX's standing argument unavailing.

The United States Supreme Court has articulated a three-part test to determine whether a party has standing to pursue a claim.

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (citations and internal quotations omitted). The question of standing focuses "on whether the party invoking jurisdiction had the requisite stake in the outcome *when the suit was filed*," and is an essential part of the case or controversy requirement of Article III of the Constitution. Davis v. FEC, 128 S. Ct. 2759, 2768-69 (2008) (citing Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc., 528 U.S. 167, 180 (2000)) (emphasis added). Because Amerimax has shown that it was subject to an imminent threat of harm from RE/MAX when Amerimax filed this suit, the Court cannot say that Amerimax has no standing to pursue Count II of this case. See Davis, 128 S. Ct. at 2769.

However, the issue of standing is but one part of the broader question of whether, following RE/MAX's voluntary dismissal of its Counterclaim, an actual case or controversy involving trademark law still exists between the parties. As the Court has already determined, given RE/MAX's dismissal of its Counterclaim with prejudice and its admission that Amerimax

is not infringing RE/MAX's name or mark, such a case or controversy no longer exists. In <u>Ciber, Inc. v. Ciber Consulting, Inc.</u>, Judge Gettleman came to a similar conclusion. 326 F. Supp. 2d 886 (N.D. Ill. 2004). In that case, plaintiff Ciber, Inc. brought suit against defendants Ciber Consulting, Inc. and various individuals for trademark infringement and other alleged violations of federal and state trade and consumer laws. <u>Id.</u> at 887. Defendants filed a counterclaim requesting the cancellation of plaintiff's trademark. <u>Id.</u> Plaintiff eventually filed a motion to dismiss its claims with prejudice, and to dismiss defendants' counterclaim as moot. <u>Id.</u> Judge Gettleman granted the motions, reasoning that "[i]n the absence of [plaintiff's] infringement suit, or the threat of such a suit, there is no justiciable case or controversy." <u>Id.</u> at 889.

In <u>Ciber, Inc.</u>, the plaintiff had "issued a statement of non-liability with respect to defendants' current and past use of the CIBER mark, and agreed not to sue defendants for any past or current conduct relating to that mark." <u>Id.</u> at 892. RE/MAX has issued no such statement or agreement, but the principles Judge Gettleman relied upon in reaching his decision remain pertinent to this case. See <u>Aetna Life Ins. Co. of Hartford, Conn. v. Haworth</u>, 300 U.S. 227, 241 (1937) (a justiciable controversy must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."); <u>Windsurfing Int'l Inc. v. AMF Inc.</u>, 828 F.2d 755, 758 (Fed. Cir. 1987) (a "justiciable controversy is one that touches the legal relations of parties having adverse *legal* interests.").

Here, Amerimax has expressed its concern that RE/MAX might undertake some action against Amerimax in the future. The hypothetical possibility of future action by RE/MAX against Amerimax is simply not a "real and substantial controversy" that would support the

Court's jurisdiction at this time. See Aetna Life Ins. Co., 300 U.S. at 241. "[T]he residual possibility of a future infringement suit based on [defendants'] future acts is simply too speculative a basis for jurisdiction over [defendants'] counterclaim." Ciber, Inc., 326 F. Supp. 2d at 890 (quoting Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054, 1060 (Fed. Cir. 1995)). Although RE/MAX's assertions regarding Amerimax's standing to pursue Count II fail, the Court concludes that because no actual case or controversy remains regarding alleged trademark violations, Count II of Amerimax's Amended Complaint must be dismissed along with Count I for lack of subject-matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, RE/MAX's Motion for (i) Dismissal of RE/MAX's Counterclaim with Prejudice under Rule 41(c), and (ii) Dismissal of Counts I and II of Amerimax's Complaint for Lack of Subject Matter Jurisdiction under Rule 12(b)(1) is granted. RE/MAX's Counterclaim is dismissed with prejudice, as are Counts I and II of Amerimax's Amended Complaint. The Court makes no determination as to whether Amerimax's remaining state-law claim, Count III of the Amended Complaint, is viable, and the Court relinquishes jurisdiction on this Count. See 28 U.S.C. § 1367(c)(3); Croplife Am., Inc. v. City of Madison, 432 F.3d 732, 733-34 (7th Cir. 2005).

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: March 9, 2009