**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Amerimax Real Estate Partners, Inc., | ) | |
| Plaintiff | ) | Civil Action No. 05C5300 |
| | ) | |
| v. | ) | The Honorable Judge Norgle |
| | ) | Magistrate Judge Valdez |
| RE/MAX International, Inc., | ) | |
| Defendant | ) | |

**DEFENDANT RE/MAX INTERNATIONAL, INC.'S MOTION FOR
RECONSIDERATION UNDER RULE 59(e) AND POINTS OF LAW**

Pursuant to Fed.R.Civ.P. 59(e), Defendant RE/MAX International, Inc. ("RE/MAX"), respectfully requests reconsideration of the Court's Order [Dkt. No. 391] and its Opinion and Order [Dkt. No. 392] (together, "Order") solely as to the Court's relinquishment of Plaintiff's Count III, and its resultant determination that RE/MAX's Motion for Summary Judgment ("SJ Motion," Dkt. No. 303), which would dispose of this case, is moot with respect to Count III.

**I.    ARGUMENT**

On March 9, 2009, at the end of its Order granting RE/MAX's Motion to Dismiss it Counterclaim with prejudice, this Court relinquished jurisdiction over Count III, Plaintiff's common law unfair competition claim, citing 28 U.S.C. § 1367(c)(3) and *Croplife America, Inc. v City of Madison*, 432 F.3d 732, 734 (7th Cir. 2005)("Ordinarily the district court would relinquish jurisdiction over supplemental state-law claims when as in this case all federal claims (diversity of citizenship is not alleged) were dismissed before trial.").  However, Plaintiff alleged diversity of citizenship on Count III (Amd. Consolidated Complaint, ¶ 9, Dkt. No. 176) after this Court denied Plaintiff's motion to remand the state claims that were removed and consolidated on diversity grounds. (Case No. 06-cv-06574, Dkt. No. 68). As a result, the Court's relinquishment of Plaintiff's Count III was an error of law under 28 U.S.C.§ 1332(a).

In its Order, the Court also denied RE/MAX's SJ Motion as moot because of the Court's relinquishment of Plaintiff's Count III.  In the event this Court reconsiders its Order, RE/MAX renews its SJ Motion, which is fully briefed. (Motion for Summary Judgment, [Dkt. No. 303, 305-307]; summary of same [Dkt. No. 372]; and motion for leave and response to Amerimax

position paper on *Noerr-Pennington* [Dkt. No. 388]). Plaintiff's Count III should be dismissed under the *Noerr-Pennington* doctrine because the only conduct alleged by Amerimax is that RE/MAX obtained, maintained and enforced its state and federal trademark registrations for the RE/MAX marks -- the same harm that it alleged in the federal and state antitrust claims that the Court previously dismissed under *Noerr-Pennington*. (Amd. Consolidated Complaint, ¶¶ 60, 61, Dkt. No. 176).  As set forth in detail in its SJ Motion, as a matter of law, RE/MAX's trademark enforcement efforts cannot support a claim for unfair competition, and summary judgment dismissing Count III is warranted. *See, e.g. Havoco of Am., Ltd. v. Hollobow*, 702 F.2d 643, 649-50 (7th Cir. 1983) (recognizing that *Noerr-Pennington* has been applied by numerous courts to protect the First Amendment right to petition against claims of tortious interference with business relationships); *Unique Coupons v. Northfield Corp., 2000 WL 631324 (N. D. Ill. 2000)* at *6. ("[T]he *Noerr-Pennington* doctrine … grants a party immunity from various federal, *state, or common law unfair trade practices actions*.")(Emphasis added). RE/MAX's SJ Motion seeking dismissal with prejudice of Plaintiff's Count III should be granted, and will properly terminate this case.

## II.    CONCLUSION

In view of the foregoing, Defendant RE/MAX respectfully requests that the Court: 1) reconsider and vacate or withdraw only the part of its Order relinquishing jurisdiction over Count III as error due to the existence of diversity jurisdiction, and 2) consider RE/MAX's Motion for Summary Judgment on Count III for unfair competition, and dismiss Count III under the *Noerr-Pennington* doctrine.

*        *        *

Respectively submitted,

Dated:  March 23, 2009

/s Jeffrey P. Dunning
Mark R. Galis, Esq. (ARDC #6206938)
Jeffrey P. Dunning, Esq. (ARDC #6273364)
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois  60601
Telephone: (312) 456-8400
Facsimile: (312) 456-8435

Of Counsel :

John R. Posthumus
Gayle L. Strong
Greenberg Traurig LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 572-6500
Facsimile:  (303) 572-6540

Attorneys for Defendant RE/MAX International,
Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 23rd day of March, 2009, service of the foregoing **DEFENDANT RE/MAX INTERNATIONAL, INC.'S MOTION FOR RECONSIDERATION UNDER RULE 59(e)** was furnished by email and United States mail, postage prepaid, addressed as follows:

Lawrence S. Wick
Wick Law Office
317 Rothbury Court
P.O. Box 598
Lake Bluff, IL 60044

_____/s Jeffrey P. Dunning_____